IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Psychological Services, Inc, | ) | Case No.3:05-1143-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | **ON DEFENDANTS' MOTION** |
| | ) | **TO DISMISS** |
| Contractor's Seminars, Inc., | ) | |
| William P. Ramsey, and | ) | |
| Paul A. Calvo, | ) | |
| Defendants**.** | ) | |
| | ) | |

This matter is before the court on motion of Defendants Contractor's Seminars, Inc. ("CSI"), William P. Ramsey ("Ramsey") and Paul A. Calvo ("Calvo") to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendants allege that Plaintiff has failed to comply with the jurisdictional requirements of the Copyright Act, and that Plaintiff's state law claims are preempted by that statute. For the reasons set forth below, Defendants' motion to dismiss is denied.

### **Background[1]**

Plaintiff Psychological Services, Inc. ("PSI") filed this action on April 15, 2005 for breach of contract, misappropriation of trade secrets, copyright infringement, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). PSI is in the business of designing, developing, preparing, and administrating licensing examinations for the South Carolina Department of Labor, Licensing and Regulation ("SCLLR"). Such exams include the general contractor's license exam and the residential builder's license exam. PSI alleges that its exams and associated items are copyrightable subject matter.

---

[1] For purposes of this motion, the facts are considered in the light most favorable to PSI, the non-moving party.

Defendant CSI is in the business of presenting seminars to prepare applicants to take the examinations that PSI prepares and administers for the SCLLR. Defendant Ramsey is the president of CSI, and Defendant Calvo is an agent or employee of CSI.

Plaintiff alleges that Ramsey and Calvo have both repeatedly taken examinations prepared and administered by PSI for the SCLLR in order to copy the questions and multiple-choice answers from such exams. At one point Plaintiff barred Ramsey from taking any additional exams, after which Calvo started taking the exams. Plaintiff alleges that Calvo copied questions and answers from the exams and disclosed them to CSI and Ramsey. Prior to taking the exams given by PSI, Ramsey and Calvo were required to sign a security agreement, which required the signor to maintain the confidentiality of the examinations. Plaintiff also alleges that CSI has offered cash or other rewards to third persons who have taken such exams in return for copies of questions and answers from those exams. Plaintiff further alleges that CSI has reproduced and republished the copied questions and answers in its own seminar materials and sample examinations, and in fact relies on the copied content of PSI's exams to attract customers.

## Discussion

**I. Subject Matter Jurisdiction**

Defendants filed their motion to dismiss on May 9, 2005, arguing that Plaintiff had failed to produce a certificate from the copyright office verifying Plaintiff's ownership of the copyrights at issue in this matter. Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act. *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 284 (4th Cir. 2003). The relevant section of the Copyright Act provides:

> [N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with

> this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a).

The complaint alleged that an application for copyright registration had been filed, and Plaintiff produced evidence that it had paid the required fee, deposited the work in question, and that the Copyright Office had received its registration application. The parties disputed whether or not Plaintiff's compliance with the procedure for registration sufficiently met the requirements of § 411(a). Defendants maintained that such actions did not establish Plaintiff's ownership of the copyright at issue, but pointed out that federal courts disagree as to what a plaintiff must show to prove "registration of copyright" as required by the statute.

In a supplemental memorandum, filed June 1, 2005, Plaintiff produced a copy of the Certificate of Registration for the copyright at issue, with an effective registration date of April 7, 2005. The effective date of registration is eight days prior to the date Plaintiff filed this action. Thus, the concerns expressed in Defendants' memoranda have been mooted: the certificate establishes the title of the work, the nature of authorship, the owner of the copyright, the effective date of registration, and that "registration of the copyright claim has been made in accordance with [the Copyright Act]." The court finds that the Certificate of Registration produced by Plaintiff is sufficient to meet the threshold prerequisite of 17 U.S.C. § 411(a) for initiation of an infringement suit.

**II. Preemption**

Having found that subject matter jurisdiction exists to decide this case, the court can consider Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). The purpose of a Rule

3

12(b)(6) motion is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in Plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in Plaintiff's favor, it appears certain that Plaintiff cannot prove any set of facts in support of its claim entitling it to relief. *Id*. at 244. Importantly, a 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Id.* at 243.

Defendants argue that Plaintiff's other causes of action – breach of contract, misappropriation of trade secrets, and unfair trade practices – are preempted by the Copyright Act and should be dismissed. Plaintiff, however, maintains that because its state causes of action incorporate elements beyond those necessary to prove copyright infringement, such claims are not preempted.

Under 17 U.S.C. § 301(a), state law rights that are equivalent to those protected by federal copyright law are expressly preempted:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 ... are governed exclusively by this title .... [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).[2] The statute sets up a two-pronged inquiry to determine when a state law claim is preempted; first, the work in question (Plaintiff's examinations and associated items) must be

---

[2] Section 301(b) provides:

Nothing in this title annuls or limits any rights or remedies under the common law or statute of any State with respect to (1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103 ... or (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.

4

within the scope of the subject matter of copyright as specified by 17 U.S.C. §§ 102 and 103 and, second, the rights granted under the state law claim must be equivalent to any exclusive rights within the scope of federal copyright law as set out in 17 U.S.C. § 106. *U.S. ex rel. Berge v. Board of Trustees of the University of Alabama,* 104 F.3d 1453, 1463 (4th Cir. 1997). The first condition is not in dispute in this case; thus, preemption hinges on whether or not the rights claimed in Plaintiff's other causes of action are equivalent to the rights protected under federal copyright law.

To determine whether a particular cause of action involves rights equivalent to the rights protected under copyright law, the elements of the causes of action should be compared, not the facts pled to prove them. *Trandes Corp. v. Guy F. Atkinson Co.,* 996 F.2d 655, 659 (4th Cir. 1993). "When a state law violation is predicated upon an act *incorporating elements beyond mere reproduction or the like*, the rights involved are not equivalent and preemption will not occur." *Id.* (emphasis in original). To avoid preemption, a cause of action defined by state law must incorporate elements beyond those necessary to prove copyright infringement, and must regulate conduct qualitatively different from the conduct governed by federal copyright law. *Id. See also,* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B][1] at 1-14 (1992). This test has become known as the "extra element" test. *Trandes*, 996 F.2d at 659. "[I]f other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action, then the right does not lie 'within the general scope of copyright,' and there is no preemption." *Nimmer,* § 1.01[B][3].

Though § 301 does not expressly itemize the state causes of action that are not preempted by the statute, an earlier version of the copyright revision bill did so. H.R. Rep. No. 94-1476, 94th Cong., 2d Sess. (1976), 131-132. In the earlier version, the following state claims were deemed nonequivalent and nonpreempted: "rights against *misappropriation* not equivalent to any of such

5

exclusive rights [in section 106], *breaches of contract*, breaches of trust, trespass, conversion, invasion of privacy, defamation, and *deceptive trade practices* such as passing off and false representation." *Id.* (emphasis added). What appears to link these causes of actions is the presence of an additional element that goes beyond mere copying, which element represents a state policy different from the economic-incentive policy of the Copyright Act. As elucidated below, each of PSI's state causes of action appear to include such an element.

### A. Breach of Contract

Plaintiff's first cause of action, for breach of contract, is based on the allegation that Defendants Ramsey and Calvo breached their contractual obligations to maintain the confidentiality of the examinations by copying questions and the multiple choice answers from the exams.

To prove copyright infringement, a plaintiff must show (1) that it owned a valid copyright and (2) that the defendant copied original elements of its copyrighted work. *Fiest Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340 (1991). Prevailing on a breach of a contract action, however, requires proof of a different nature. Under South Carolina law, the necessary elements of a contract are offer, acceptance, and valuable consideration. *Electro Lab of Aiken, Inc. v. Sharpe Const. Co. of Sumter, Inc.*, 593 S.E.2d 170, 173 (S.C. App. 2004) (a contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct). In proving breach of contract, Plaintiff must establish the above elements of offer, acceptance, and consideration. Plaintiff must then prove that Defendants breached such contract. In order to establish breach, Plaintiff must establish the material terms of the contract, and if such terms are ambiguous, Plaintiff must offer evidence of the intent of the parties. *Lindsay v. Lindsay,* 491 S.E.2d 583, 587 (S.C. App. 1997).

The terms of the security agreement at issue in this case, to which anyone taking an exam administered by PSI had to agree, are as follows:

> I HAVE READ THE FOLLOWING PSI SECURITY AGREEMENT AND CONSENT TO TAKE THE LICENSING EXAMINATION UNDER THE CONDITIONS STATED HEREIN:
>
> > I WILL NOT GIVE OR RECEIVE ASSISTANCE WHILE TAKING THE TEST, INCLUDING THE USE OF UNAUTHORIZED NOTES.
> >
> > I WILL MAINTAIN THE CONFIDENTIALITY OF THE TEST.
> >
> > I WILL NOT HAVE IN MY POSSESSION A CELL PHONE, PAGER, OR OTHER UNAUTHORIZED MATERIALS.
> >
> > I UNDERSTAND THAT VIOLATING THE CONFIDENTIAL NATURE OF THE LICENSING TEST CAN RESULT IN SEVERE CIVIL OR CRIMINAL PENALTIES, INVALIDATION OF TEST SCORES, REPORTS TO THE AUTHORIZED AGENCY.
>
> Note: If a candidate refuses to consent to the conditions of this PSI Security Agreement, the proctor will notify the candidate that he/she will not be authorized to take the examination. PSI Headquarters will be so informed. This form is retained as a permanent part of the candidate file.

*PSI Security Agreement for Examinations*, dated July 9, 2002, attached to complaint.

The contractual terms of the above agreement seek to protect more than just reproduction and distribution rights covered by copyright law. They also seek to protect the confidential nature of the test, which is arguably necessary to preserve the integrity of the licensing process. Enforcement of this contract involves more than just protection of Plaintiff's copyrighted materials, and the contract could be breached through actions that do not involve the "reproduction and the like" of Plaintiff's copyrighted materials.

The Fourth Circuit has found a breach of contract claim not preempted by the Copyright Act. *Acorn Structures Inc. v. Swantz,* 846 F.2d 923 (4th Cir. 1988). "Plaintiff's claim for breach of contract entails a distinct cause of action which is clearly not within the subject matter of copyright but arises out of the implicit contractual provisions of the design agreement." *Id.* The

7

*Acorn* court did not hold that all contract claims can avoid preemption, but it found the particular claim at issue to be based on a contractual provision that was outside the scope of copyright protection. *Id. See also Frontline Test Equipment, Inc. v. Greenleaf Software, Inc.,* 10 F. Supp. 2d 583, 593 (W.D. Va. 1998) (breach of contract claim not preempted because contract gave the plaintiff additional rights not protected by the copyright laws).[3]

Plaintiff need not prove that it owned any copyright, nor that Defendants copied Plaintiff's work, to establish that Ramsey or Calvo breached the terms of the Security Agreement. PSI's contract claim legitimately seeks to protect the interests of a very limited number of individuals, bound to PSI in a special relationship, which interests go beyond those protected by the Copyright Act. Thus, the court finds that Plaintiff's contract cause of action incorporates elements beyond those necessary to prove copyright infringement, and that such cause of action regulates conduct qualitatively different from the conduct governed by the Copyright Act.

### B. Misappropriation of Trade Secrets

PSI claims that its questions and multiple-choice answers are trade secrets, because they derive independent economic value from not being generally known to the public. PSI alleges that Defendants improperly obtained the questions and answers, disclosed them in CSI's seminar materials, thereby misappropriating PSI's trade secrets.

Plaintiff relies on *Trandes v. Atkinson,* 996 F.2d 655 (4th Cir. 1993) to support its contention that its misappropriation claim is not preempted by the Copyright Act. *Trandes* involved a claim

---

[3] "Although the vast majority of contract claims will presumably survive scrutiny ... nonetheless, preemption should continue to strike down claims that, though denominated 'contract,' nonetheless complain directly about the reproduction of expressive materials." *Frontline*, 10 F.Supp.2d at 593 (*citing Nimmer,* § 1.01[B][1][a]).

for misappropriation of trade secrets under Maryland law, which requires a plaintiff to prove: 1) that it possessed a valid trade secret, 2) that the defendant acquired its trade secret, and 3) that the defendant knew or should have known that the trade secret was acquired by improper means. 996 F.2d at 660. The trade secrets in *Trandes* were contained in a computer program, which was found to be within the subject matter of copyright. The court found that proof of a breach of trust or confidence was the "extra element" necessary to prove misappropriation and thereby avoid preemption under § 301. *Id. See also, Avtec Systems, Inc. v. Peiffer,* 21 F.3d 568, 574 (4th Cir. 1994) (copyright act does not preempt cause of action under Virginia trade secrets statute; recovery for misappropriation requires proof of breach of confidence, which is element of proof additional to those necessary for recovery in action for copyright infringement).

Defendants claim, without elaboration, that Plaintiff has not demonstrated any such "extra element" in its cause of action. However, the South Carolina Trade Secrets Act, S.C. Code §§ 39-8-10 to -130 (Supp. 2002) permits the owner of a "trade secret" to bring a civil action seeking remedies against any person "aggrieved by a misappropriation" of his trade secrets. S.C. Code § 39-8-30(C); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 417 (4th Cir. 1999). Thus, under § 39-8-30(C), a plaintiff bringing an action under the Act must show that he is the owner of a trade secret, and that such trade secret was misappropriated.

A trade secret can be "misappropriated" in various ways. *Hoechst*, 174 F.3d at 417. S.C. Code § 38-8-20(2) defines "misappropriation" to include "disclosure or use of a trade secret of another without express or implied consent by a person who ... *used improper means* to acquire knowledge of the trade secret; or at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was ... acquired ... under circumstances giving rise to a *duty to*

9

*maintain its secrecy* or limit its use." S.C. Code 39-8-20(2)(c)(i) & (2)(c)(ii)(B) (emphasis added).[4] The same section defines "improper means" to include: "breach or inducement of a breach of a *duty to maintain secrecy,* [or] *duties imposed by ... contract ....*"[5] S.C. Code 39-8-20(1) (emphasis added).

The elements of trade secret misappropriation under South Carolina law appear similar to those under Maryland law, upon which *Trandes* relied in finding that the Copyright Act did not preempt a claim for misappropriation. "The essential element of a misappropriation claim is the abuse of confidence or impropriety in the means of procurement." *Trandes,* 996 F.2d at 660. The distinguishing characteristic of a trade secret cause of action is that it requires proof of copying by

---

[4] The full text of the subsection defines misappropriation as:
(a) acquisition of a trade secret of another by a person by improper means;
(b) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
(c) disclosure or use of a trade secret of another without express or implied consent by a person who:
    (i) used improper means to acquire knowledge of the trade secret; or
    (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:
        A) derived from or through a person who had utilized improper means to acquire it;
        (B) acquired by mistake or under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
        (C) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
    (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

S.C. Code § 39-8-20(2) (Supp. 2002).

[5] S.C. Code § 39-8-20(2) (Supp. 2002) defines "improper means" to include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, duties imposed by the common law, statute, contract, license, protective order, or other court or administrative order, or espionage through electronic or other means."

improper means, while works protected by copyright are available to a copier without the employment of improper means. *Id.* "It is the *employment of improper means to procure a trade secret, rather than the mere copying or use*, which is the basis for liability." *Id.* (*citing* Restatement (First) of Torts § 757 cmt. a (1939)) (emphasis in original).[6] Proof of the extra element of "improper means" indicates that a qualitatively different type of conduct is being regulated by the South Carolina Trade Secrets Act, and such element is sufficient to prevent PSI's state cause of action for misappropriation of trade secrets from being preempted by the Copyright Act.

### C. South Carolina Unfair Trade Practices Act

Plaintiff's last cause of action is violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq. The complaint states that Defendants' actions constitute unfair methods of competition and unfair or deceptive acts and practices in the conduct of trade or commerce. Plaintiff claims that such acts are capable of repetition, have in fact been repeated, and affect the public interest.

Defendants argue that such claim is preempted, but cite only one case in this circuit in which an unfair trade practices claim was preempted by § 301. That case, *Costar Group Inc. v. Loopnet, Inc.,* 164 F. Supp. 2d 688 (D.Md. 2001), finds an unfair competition claim preempted by federal copyright law. However, that case does not hold that all such claims are preempted, but rather notes that "[t]he distinction between those unfair competition claims that are not preempted and those that are is that claims based upon breaches of confidential relationships, breaches of fiduciary duty and trade secrets have been held to satisfy the extra-element test ... whereas claims of ... unfair competition based solely on the copying of plaintiff's protected expression fail that test." *Id.* at 713

---

[6] *See also, Architectronics, Inc. v. Control Systems, Inc.*, 935 F. Supp. 425 (S.D.N.Y. 1996) (trade secret misappropriation claims generally not preempted by Copyright Act because they require extra element of breach of some duty of trust or confidentiality).

(citations omitted). As discussed above, Plaintiff's claim appears to fit within the group of unfair competition claims that are not preempted.

SCUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code § 39-5-20(a). Section 39-5-140(a) provides a private right of action for an individual who has been injured by such practices. In order to bring an action under the statute, a plaintiff must demonstrate 1) that the defendant engaged in an unlawful trade practice, 2) that the plaintiff suffered actual ascertainable damages as a result of the defendant's use of the unlawful trade practice, and 3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest. *Havird Oil Co., Inc. v. Marathon Oil Co., Inc.,* 149 F.3d 283, 291 (4th Cir. 1998).

In South Carolina, to be actionable under a state unfair trade practices claim, unfair or deceptive acts or practices must have impact upon the public interest. *Crary v. Djebelli*, 496 S.E.2d 21 (S.C. 1998). SCUTPA is not available to redress a private wrong where the public interest is not affected. *Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.,* 974 F.2d 502 (4th Cir. 1992). Thus, conduct which only affects the parties to the transaction provides no basis for an unfair trade practices claim. *Jeffries v. Phillips,* 451 S.E.2d 21 (S.C. App. 1994).

In this case, PSI's unfair trade practices claim has two "extra elements:" 1) the cause of action is based upon a breach of confidentiality; and 2) PSI must prove that Defendants' practices had an adverse impact on the public interest. Both elements regulate conduct beyond mere "reproduction or the like." The statute targets conduct that is qualitatively different from conduct governed by copyright law: SCUTPA addresses consumer protection and the greater public interest, whereas copyright law is driven by an economic-incentive policy and aims to protect the rights of intellectual property owners.

At least one Fourth Circuit case has allowed a copyright claim and an unfair trade practices claim to co-exist. *Nintendo of America, Inc. v. Aeropower Co., Ltd.,* 34 F.3d 246 (4th Cir. 1994) involved a claim under North Carolina's unfair trade practices law (which does not include a public interest requirement)[7] and a copyright claim. The court affirmed a finding of liability based upon parallel violations of both the unfair trade practice statute and federal copyright law, which violations arose out of the same activity. *Nintendo* discussed the issue of preemption, but in the context of the remedial scheme of each cause of action. In awarding damages, the district court concluded that the plaintiff was entitled to damages under both the copyright laws and the unfair trade practice statute, and started with a base award of statutory damages under 17 U.S.C. § 504(c) of the Copyright Act. The district court then trebled this award by invoking the trebling damages provision of the unfair trade practices statute. The Fourth Circuit found that the intermingling of the remedial provisions was not authorized:

> Copyright infringement is not itself a violation of the state Act. Indeed the Copyright Act preempts any legal or equitable right under state law which is "equivalent" to any of the exclusive rights within the general scope of copyright, so that state law could not in fact make copyright infringement a violation of the state Act.

*Id.* at 251. In vacating the damage award, the court commented that on remand the district court could award separate damages for violations of both the Copyright Act and the state unfair trade practices act. *Id.* at 252.[8]

---

[7] In North Carolina, to prevail on a claim of unfair or deceptive trade practices, a plaintiff must show: 1) defendants committed an unfair or deceptive act or practice, 2) in or affecting commerce, and 3) that plaintiff was injured thereby. *First Atlantic Management Corp. v. Dunlea Realty Co.,* 507 S.E.2d 56, 64 (N.C.App. 1998); N.G.C.S.A § 75-1.1.

[8] At least one case in the Fourth Circuit has allowed a SCUTPA claim to coexist with a copyright claim. *Raco Car Wash Systems, Inc. v. Smith*, 730 F. Supp 695 (D.S.C. 1989), found a valid copyright owned by the plaintiff that had been infringed by the defendant, and that the defendant's use of the copyrighted material was a violation of SCUTPA. *Id.* at 705-706. The court did not, however, discuss the issue of preemption.

Because PSI's unfair trade practices claim is based on the breach of a confidential relationship, and because the South Carolina statute requires proof of an impact on the public interest, this action presents an even more compelling case against preemption than *Nintendo*. Consequently, the court finds that PSI's unfair trade practices claim is qualitatively different from a copyright infringement claim and is not preempted by the copyright laws.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is DENIED.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

July 5, 2005
Columbia, South Carolina

C:\temp\notesB0AA3C\05-1143-tp-Psych Svcs v. Contractor's Seminars-motion to dismiss.wpd